FILED 22 AUG '11 13:48 USDC-OR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PHILIP M. BORCK,

        Petitioner,         Civil No. 10-234-AA

        v.                       ORDER

DON MILLS,

        Respondent.

AIKEN, District Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment from the Yamhill County Circuit Court after convictions for four counts of Sexual Abuse in the First Degree. After a jury verdict of guilty, the court imposed four 75 month sentences of imprisonment with two of those to run consecutively. Exhibit 101.

Petitioner directly appealed his convictions, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 105 - 110.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 111, but the Umitilla County Circuit Court

1 - ORDER

denied relief. Exhibit 118. The Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 119 - 124.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging three claims of ineffective assistance of counsel. Specifically, petitioner alleges that his counsel was deficient for (a) failing to object to judicial fact finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when the trial court imposed consecutive sentences; (b) failing to object to the imposition of consecutive sentences based upon conduct occurring in a continuous and uninterrupted course of conduct; and (c) failing to object when the trial court did not instruct the jury on the unanimity requirement of findings as to each count. Petition (#1) p. 5-6.

Respondent now moves to deny relief on the grounds that Grounds (b) and (c) were not fairly presented to the state's highest court and are procedurally defaulted. Respondent argues that "insofar as petitioner's claim (a) was presented to the Oregon state courts, relief on it was denied in decisions that were neither 'contrary to,' nor 'unreasonable applications of' United States Supreme Court precedent," and that petitioner's claims are without merit. Response to Petition (#18) p. 2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the

State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), <i>cert. denied</i>, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. <u>O'Sullivan v. Boerckel</u>, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. <u>Keeney v. Tamayo-Reyes</u>, <u>supra</u> at 10.

If a petitioner has failed to present a federal

3 - ORDER

constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513

4 - ORDER

U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

In Grounds (b) petitioner alleges that his trial counsel was ineffective for failing to object to the imposition of consecutive sentences

This particular ineffective assistance of counsel claim was never presented to the state post-conviction trial court. *See*, Exhibit 111, Formal Petition.

In his Formal Petition for Post-conviction Relief, petitioner alleged an ineffective assistance of counsel claim based on his attorney's failure to object to the imposition of consecutive sentences without proof of "aggravating factors" specified in ORS 137.123. *See*, Exhibit 111, p. 3. That claim was different that petitioner's Ground (b) which is apparently based on counsel's failure to object to the consecutive sentences under ORS 161.067(3).[1]

Petitioner arguably raised the claim alleged in Ground

---

[1] ORS 161.067(3) provides: "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provisions against the same victim, there are as many separately punishable offenses as there are violations except that each violation to be separately punishable under the subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent.

5 - ORDER

(b) in his *Pro Se* Supplemental Petition for Supreme Court Review, Exhibit 122. However, since this claim was never raised to the PCR trial court or the Court of Appeals, it was not "fairly presented" to Oregon's highest court in a procedural context in which it would be considered. *See*, *Castille, Roettgen,* and*Turner, supra*.

In Ground (c) petitioner alleges that his attorney was ineffective for failing to object to the trial court's failure to instruct the jury on unanimity requirements of each count. Petitioner did not raise this claim in his Formal Petition for Post-Conviction Relief, *see* Exhibit 111, his PCR appeal, Exhibit 119. or his Petition for Supreme Court Review, Exhibit 112. Although petitioner alleged this claim in his *Pro Se* Supplemental Petition for Supreme Court Review. *See*, Exhibit 122, it was not raised in a procedural context in which the court would consider the merits and it. Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings.[2] Therefore his claims alleged in Grounds (b) and (c) are procedurally defaulted. Id.

Petitioner has not alleged any cause and prejudice for

---

[2] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - ORDER

his procedural defaults of his Grounds (b) and (c) or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

    Petitioner alleges as Ground (a) that:

> Trial counsel failed to object to Judicial Factfinding by the Trial Court in making findings of fact to impose consecutive sentences when the law in Oregon at the time of the 2002 sentencing was Apprendi v. New Jersey and required that such findings be made by the jury, beyond a reasonable doubt.
>
> Plaintiff recognizes the 2009 holding of the Supreme Court in Oregon v. Ice; However, the law in effect at the time of plaintiff's sentencing required concurrent sentencing unless facts allowing for consecutive sentencing were found by the jury, and had Trail Counsel properly objected to the Trial court's Judicial Factfinding, the Oregon Appellate Courts would have ordered the sentencing modified to concurrent.

Petition (#1) p. 5.

    In his Formal Petition for Post-Conviction Relief, petitioner alleged that his trial counsel provided ineffective representation when he failed to object to consecutive sentences imposed "in violation of [the] Rule of Apprendi."

    In reviewing this claim, the post-conviction court found that "[p]etitioner failed to prove each and every allegation of [the] petition." Exhibit 118., General Judgment. Specifically, the post-conviction court found that the trial court determined that there were separate incidents, and therefore, consecutive sentences were permissible. Exhibit 117, PCR Transcript at p. 22. The ineffective assistance of counsel for failure to object on grounds of *Apprendi* claim was

7 - ORDER

raised on appeal from the PCR trial court. As noted above, the Court of Appeals denied without opinion and the Supreme Court denied review.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear

8 - ORDER

and convincing evidence." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court

9 - ORDER

reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant mustovercome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curia m*).

Petitioner's claim that his attorney was ineffective was for failing to object on *Apprendi* grounds was denied by the PCR trial court which found consecutive sentences were properly imposed because the trial judge found that there were separate incidents. Exhibit 117, p. 22. This determination was affirmed on appeal and is entitled to deference by this court. Moreover, the PCR court determination is supported by the record and correct on the merits.

Petitioner was sentenced on December 23, 2002 - after *Apprendi* which was decided in 2000. However, the *Apprendi* decision applied to upward departures, which petitioner did

10 - ORDER

not receive.

Petitioner argues: "Plaintiff recognizes the 2009 holding of the Supreme Court in <u>Oregon v. Ice</u>; however, the law in effect at the time of plaintiff's sentencing required concurrent sentencing unless facts allowing for consecutive sentencing were found by the jury, and had Trial Counsel properly objected to the Trial Court's Judicial Factfinding, the Oregon Appellate Courts would have ordered the sentencing modified to concurrent." Petition (#1) p. 5.

Petitioner's reliance on <u>Oregon v. Ice</u> is misplaced. Although petitioner's reasoning is sound, his facts are not. Petitioner's direct appeal was final when the Oregon Supreme Court denied review on October 4, 2006. [Exhibit 110]. It was not until the Oregon Supreme Court decision in <u>Oregon v. Ice</u>, 343 Or 248, 170 P.3d 1049 (October 11, 2007), that *Apprendi* was extended to consecutive sentences and it became the the law in Oregon that consecutive sentencing facts were required to be determined by the jury.[3]

Although the Oregon Supreme Court decision in <u>Oregon v. Ice</u> was rendered prior to the final judgment in petitioner's PCR proceeding, there is no authority to suggest that the decision should apply retroactively to cases on collateral review, and I find that it does not - particularly in view of

---

[3]As recognized by petitioner, the Oregon Supreme Court decision was subsequently overturned by the United States Supreme Court. *See*, 129 S.Ct. 711 (2009).

11 - ORDER

the subsequent reversal.[4]

At the time of petitioner's sentencing in 2003, his attorney had no grounds to object to consecutive sentences on *Apprendi* grounds. "Strickland does not mandate prescience, only objectively reasonable advice under prevailing professional norms." Sophanthavong v. Palmateer, 378 F.3d 859, 7=870 (9th Cir. 2004). Thus, a court reviewing an ineffective assistance of counsel claim cannot require that an attorney anticipate a decision in a later case. Lowery v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). Because existing precedent did not support a Sixth Amendment ("*Apprendi*") objection at the time of petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness for his failure to raise such an objection and petitioner was not prejudiced.

Petitioner's Petition (#1) is denied.  This proceeding is dismissed.

IT IS SO ORDERED.

---

[4]The Ninth Circuit has held that *Apprendi* does not apply retroactively to cases on collateral review. United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); see also, Cooper v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005). The Supreme Court has held that its holding in Ring v. Arizona, 536 U.S. 584 (2002), which like *Blakely* and *Booker*, applied and extended the reasoning of *Apprendi*, does not apply retroactively to cases that have already become final on direct review. Schiro v. Summerlin, 542 U.S. 348 (2004); Schardt v. Payne, 414 F.3d 1225 (9th Cir. 2005) [*Blakely* decision does not apply on collateral review to cases that were final before it was decided].

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 22 day of August, 2011.

                                  Ann Aiken
                                  United State District Judge

13 - ORDER